IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO. **1:CV-13-0749** |
| Petitioner | : | (Judge Conner) |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| ADAM SAUL, *et al.*, | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I.  PROCEDURAL BACKGROUND.**

On October 5, 2012, Plaintiff Dimas Santiago, an inmate at the Lebanon County Correctional Facility ("LCCF"), Lebanon, PA, previously filed, *pro se*, a civil rights action under 42 U.S.C. § 1983. *See* Civil No. 12-2007, M.D. Pa.  Plaintiff named the following four (4) Defendants in his Complaint: Adam Saul, Detective with the Lebanon County drug task force; Nicole Eisenhart, Lebanon County District Attorney; Brian Deiderick, Lebanon County Chief Public Defender; and Lebanon County.  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*.

On October 31, 2012, we screened Plaintiff's Complaint as required by  the Prisoner Litigation Reform Act and issued a Report and Recommendation ("R&R").  We recommended, in part, that Plaintiff's request that he be released from Lebanon County Correctional Facility and his challenge to his present confinement in Lebanon County Correctional Facility  as a result of his conviction and sentence in  criminal case CP-38-CR-557-2011 be dismissed without prejudice to pursue in a petition for writ of habeas pursuant

to 28 U.S.C. § 2254 after Plaintiff exhausts his state court remedies. On December 11, 2012, the Court issued an Order, adopting, in part, our stated recommendation. Plaintiff's Civil No. 12-2007 case is still pending with this Court. Remaining Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint which is now ripe for disposition.

Subsequently, on March 14, 2013, inmate Santiago (herein "Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner captioned his habeas petition as being filed in his prior civil rights action, *i.e.*, Civil No. 12-2007. However, the Clerk of Court correctly docketed Petitioner's §2254 habeas petition as a new case under Civil No. 13-0749. On April 1, 2013, Petitioner filed a Motion to proceed *in forma pauperis*. (Doc. 4). We directed the Warden of LCCF to provide the Court with Petitioner 's inmate account balance, and the Warden did so on April 15, 2013. (Docs. 5 & 6). Since Petitioner has an account balance of $0.00, we shall recommend that the Court grant his *in forma pauperis* Motion.

Petitioner names as Respondent Detective Adam Saul of the Lebanon drug task force [L.D.T.F.] and he claims that Saul illegally arrested him on January 20, 2011, which lead to his imprisonment in LCCF. The Clerk of Court added as a Respondent the Pennsylvania Attorney General.[1]

We have not yet issued a Show Cause Order and directed Respondents to respond to the habeas petition. We now give preliminary consideration to the habeas petition pursuant

---

[1] Petitioner named the incorrect Respondent (Detective Saul). Since Petitioner is presently confined at LCCF, the correct Respondent is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243.

to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254.[2]

Petitioner is complaining about actions taken against him in his criminal case initiated on January 21, 2011, by Respondent Saul as the arresting officer, in Lebanon County Court of Common Pleas, namely, *Com. of PA v. Dimas Santiago*, CP-38-CR-557-2011.[3]  Petitioner also states that he was simultaneously arrested and charged in *Com. of PA v. Dimas Santiago*, CP-38-CR-573-2011.  Petitioner Santiago's Lebanon County Criminal Docket indicates that Petitioner 's CP-38-CR-573-2011 case was later consolidated into his CP-38-CR-557-2011 case.

## II.     FACTUAL BACKGROUND.

Petitioner 's Lebanon County Criminal Docket for case CP-38-CR-573-2011 indicates that Petitioner was arrested on January 21, 2011, by a criminal complaint filed by Respondent Saul charging Petitioner with three felony drug offenses, namely, two counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, 35 Pa.C.S.A. §780-113, and one count of conspiracy to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, 35 Pa.C.S.A.

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[3]We have obtained a copy of Petitioner Santiago's Lebanon County Criminal Docket for case number CP-38-CR-557-2011 at http://ujsportal.pacourts.us.   We take judicial notice of Petitioner's Lebanon County Criminal Docket.

§903(c).  The Docket shows that the charged drug offenses occurred on January 20, 2011, that Petitioner was arrested by Respondent Saul and confined in LCCF on this date, and that the charges were later bound over by a Magisterial District Judge for Lebanon County Court of Common Pleas.  An Information was filed against Petitioner charging him with the stated drug offenses on May 24, 2011.  Petitioner 's criminal jury trial commenced on March 5, 2012, with Petitioner proceeding *pro se*, ADA Eisenhart prosecuting Plaintiff, and Attoreny Deidercik was Petitioner's stand-by defense counsel.  The Lebanon County Court of Common Pleas declared a mistrial on March 7, 2012.  The Commonwealth then moved to nolle pros (dismiss) the three charges against Petitioner, and the Court granted the motion on July 9, 2012.  Thus, Petitioner was not convicted of the three drug charges Respondent Saul filed against him on January 21, 2011, in case CP-38-CR-573-2011.

It also appears that as a result of the January 20, 2011 incident, Respondent Saul filed additional charges against Petitioner for possession of a firearm by a prohibited person, 18 Pa.C.S.A. §6105, and receiving stolen property, 18 Pa.C.S.A. § 3925, in Lebanon County Court of Common Pleas, namely, *Com. of PA v. Dimas Santiago*, CP-38-CR-557-2011.[4]  Petitioner had a joint criminal jury trial on both the CP-38-CR-573-2011 and the CP-38-CR-557-2011 cases, and a mistrial occurred with respect to both cases.  Plaintiff was re-tried only in the CP-38-CR-557-2011 case on July 10, 2012, and he was found guilty by a jury of the possession of firearm by a prohibited person charge.  On August 22, 2012, Plaintiff was

---

[4]We have obtained a copy of Petitioner Santiago's Lebanon County Criminal Docket for case number CP-38-CR-573-2011 at http://ujsportal.pacourts.us.  We take judicial notice of Petitioner's Lebanon County Criminal Docket.

4

sentenced in case CP-38-CR-557-2011 to a minimum of 4 years to a maximum of 8 years in prison. The receiving stolen property charge was dismissed.    Plaintiff filed a Notice of Appeal in the CP-38-CR-557-2011 case to the Pennsylvania  Superior Court and this appeal is still pending.

III.     **CLAIMS OF HABEAS PETITION.**

Petitioner challenges his January 20, 2011 arrest and prosecution by Respondent Saul as well as his August 22, 2012 Lebanon County judgment of sentence.  Respondent Saul filed a criminal Complaint against Petitioner on March 2, 2011, and charged Petitioner with possession of a firearm by a prohibited person and receiving stolen property, in violation of 18 Pa.C.S. §6105(a)(1) and §3925(a), respectively.  On July 10, 2012, a jury convicted Petitioner in his  CP-38-CR-557-2011 criminal case, in the Lebanon County Court of Common Pleas,  on the possession of a firearm by a prohibited person charge, a second degree felony.   As mentioned, Petitioner was sentenced on August 22, 2012, to a term of confinement of a minimum of 4 years to a maximum of 8 years.  The  receiving stolen property charge was dismissed by the Court.   Petitioner then filed a direct appeal with respect to his judgment of sentence on September 13, 2012, with the Superior Court.  Petitioner's appeal is still pending with the Superior Court.

In his habeas petition, Petitioner basically challenges the legality of his conviction for a variety of reasons, such as selective prosecution and prosecutorial misconduct.  Petitioner also claims that he and his defense stand-by counsel did not receive a copy of the April 16, 2012 Memo from the Lebanon County District Attorney to "Defense Counsel" stating that

Defective Saul was removed from the County Drug Task Force, on March 12, 2012, after an internal investigation of misconduct by Saul occurring on February 24, 2012. Petitioner attaches a copy of the Memo to his habeas petition. The District Attorney also stated in his Memo that the allegations against Saul did not impact any other cases and that his office would continue to prosecute all cases already filed as well as all cases that may be filed in the future. Petitioner also claims that after he was arrested by three officers including Detective Saul, they used illegal coercion to obtain a consent search. Petitioner further claims that the evidence taken by police had a questionable chain of custody. Petitioner states that all of the evidence police gathered against him was gained through an illegal search and was tainted as "poisonous fruit."

Petitioner concludes that the "District Attorney's Office as a whole is using unethical and unconstitutional means to secure convictions and cover up for the Drug Task Force." Petitioner requests this Court to declare the search of the evidence against him as illegal and to dismiss his convicted charge. Petitioner also requests this Court to release him from prison.

## IV. DISCUSSION.

As mentioned, Petitioner was convicted by a jury on July 10, 2012, in his CP-38-CR-557-2011 case. Petitioner was sentenced on August 22, 2012. Petitioner is currently serving his sentence in LCCF. On September 13, 2012, Petitioner filed a Notice of Appeal of his Lebanon County judgment of sentence to the Pennsylvania Superior Court, Appeal Docket No. 1648 MDA 2012. Petitioner's recent appeal is presently pending with the

Superior Court. We find that Petitioner has not yet exhausted his state court remedies with respect to his August 22, 2012 Lebanon County judgment of sentence.

In his habeas petition, Petitioner raises several claims challenging his August 22, 2012 judgment of sentence. Petitioner also claims that he was subjected to an illegal search and seizure of evidence which lead to his conviction. The habeas claims Petitioner raises based on the Fourth Amendment may be precluded by *Stone v. Powell*, 428 U.S. 465 (1976). Petitioner's claims in his habeas petition, to the extent they seek relief under the Fourth Amendment, may be barred based on *Stone v. Powell*, 428 U.S. 465 (1976).[5] The United States Supreme Court held in *Stone*, "[w]here the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494. Thus, Fourth Amendment claims are barred on habeas review when the Petitioner had a full and fair opportunity to litigate them in state court. *See Deputy v. Taylor*, 19 F. 3d 1485, 1491 (3d Cir. 1994).

Also, as stated, Petitioner recently filed a direct appeal with respect to his August 22, 2012 judgment of sentence with the Pennsylvania Superior Court on September 13, 2012. Despite his pending appeal to the Superior Court, Petitioner filed the instant habeas petition in federal court on March 14, 2013.

---

[5]Petitioner's Lebanon County Court Docket Sheet indicates that Petitioner filed a Motion to Suppress Evidence on December 19, 2011, and that the Court denied the Motion. Thus, if Petitioner had a full and fair opportunity to litigate his instant Fourth Amendment habeas claims in the County Court, he is barred by *Stone* from raising them in a habeas petition.

Based on the Lebanon County Criminal Docket, we find that Petitioner's direct appeal to the Superior Court regarding his August 22, 2012 judgment of sentence is still pending and, that none of Petitioner's instant claims have yet been exhausted in the state courts.[6]  See *Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004).

In *Holloway v. Horn,* 355 F.3d at 714 , the Court stated:

> A federal court will not grant a state prisoner's petition for a writ of habeas corpus unless available state-court remedies on the federal constitutional claim have been exhausted. 28 U.S.C. § 2254(b)(1); *Stevens v. Del. Corr. Ctr.,* 295 F.3d 361, 369 (3d Cir.2002). The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Whitney,* 280 F.3d at 250 "Fair presentation" of a claim means that the petitioner "must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999) (citations omitted).

28 U.S.C. §§ 2254(b), (c); *Cone v. Bell,* 556 U.S. 449, 129 S.Ct. 1769, 1780 (2009); *Rose v. Lundy,* 455 U.S. 509, 515-20, 102 S.Ct. 1198 (1982).

---

[6]The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts.  28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990).  It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte*.  *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003).

We note that Petitioner's Lebanon County Criminal docket  clearly indicates that Petitioner has failed to exhaust his state court remedies, since his Superior Court appeal is pending.  It is clear that Petitioner has not yet exhausted his state court remedies, and we will recommend that his habeas petition be dismissed without prejudice to re-file it after he completes exhaustion.

In order to exhaust his state court remedies, a habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004). A Petitioner satisfies the exhaustion requirement if his claims are either presented to the state courts via a direct appeal from his judgment of sentence, or through a collateral appeal, such as a PCRA petition. *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984). A Petitioner has not exhausted his available state court remedies if he has a right under the state law to raise, by any available procedure, the claims. 28 U.S.C. § 2254(c); *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). The habeas petitioner has the burden to show that he met the exhaustion requirement. *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000)(citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d. Cir.1997)).

As mentioned, it is clear in this case that Petitioner Santiago's Superior Court appeal regarding his instant habeas claims and his August 22, 2012 judgment of sentence is currently pending. Thus, we find that Petitioner's instant habeas claims have not yet been exhausted in the state courts.

Based on the habeas petition as well as Petitioner's Lebanon County Court Criminal Dockets, we find that Petitioner failed to exhaust his present habeas claims. Thus, we find that Petitioner has filed a habeas petition raising claims which he has not yet exhausted in state court and claims which are presently pending with the state appellate court. As such, we will recommend that the Court dismiss Petitioner Santiago's habeas petition without prejudice in order

9

to allow Petitioner to fully exhaust his claims in the state court. *See Rose,* 455 U.S. 509, 102 S.Ct. 1198.

We find that since it appears that Petitioner's AEDPA statute of limitations will be tolled while his instant claims are pending with the Pennsylvania Superior Court, the "stay and abeyance" approach does not need to be utilized in this case. Petitioner's statute of limitations will be tolled while he has a properly filed appeal pending with the state courts.[7] *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005).

The Third Circuit Court of Appeals held that, if a Petitioner requests to stay his habeas petition and hold it in abeyance until he exhausts his state court remedies, he should "satisf[y] the three requirements for a stay as laid out in *Rhines:* good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." *Heleva v. Brooks,* 581 F.3d 187, 192 (3d Cir.2009). We find that none of these requirements exist in the present case.

We find that, since Petitioner Santiago presently has a direct appeal pending with the Pennsylvania Superior Court regarding his judgment of sentence, his present habeas petition should be dismissed without prejudice.

---

[7]We note that any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003).

## V.   RECOMMENDATION.

Based on the foregoing, we respectfully recommend that Petitioner Santiago's Habeas Petition **(Doc. 1)** be dismissed without prejudice to re-file it after he exhausts his state court remedies with respect to his claims.   We also recommend that Petitioner's *in forma pauperis* Motion **(Doc. 4)** be granted solely for the purpose of filing this case.


s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: April 17, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO. **1:CV-13-0749** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | (Magistrate Judge Blewitt) |
| | : | |
| v. | : | |
| | : | |
| ADAM SAUL, *et al.*, | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 17, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter

to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: April 17, 2013**